IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAMON ACEVEDO,<br><br>Defendant. | Case No. 14-MJ-214<br><br>ORDER FOR PRETRIAL DETENTION |

On the 4th day of September 2014, this matter came on for hearing on the Government's request to have the Defendant detained pending further proceedings and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Anthony Morfitt. The Defendant appeared personally and was represented by his attorney, David Nadler.

## I. RELEVANT FACTS AND PROCEEDINGS

On August 28, 2014, Defendant Ramon Acevedo was charged by Criminal Complaint (docket number 2) with distribution of methamphetamine. Special Agent Kyle Bassett of the Iowa Division of Narcotics Enforcement testified regarding the circumstances underlying the charge. Defendant's name was brought to the attention of authorities following a traffic stop and search of a residence on February 24, 2014, which resulted in the seizure of two or three ounces of methamphetamine. The owner of the methamphetamine identified Defendant as her source, and said she had obtained one pound of methamphetamine from Defendant approximately one week earlier. In fact, she still owed Defendant $20,000 for the drugs.

Under the supervision of agents of Homeland Security Investigations ("HSI"), the owner of the methamphetamine called Defendant and arranged to meet in Des Moines in

order to pay on the drug debt. Authorities went to the hotel where Defendant was staying and located his vehicle. Officers observed Defendant enter the vehicle and drive away, but he was stopped for unrelated reasons by officers from the West Des Moines Police Department. Defendant was not taken into custody, but the meeting was cancelled.

On August 11, 2014, HSI agents set up a controlled buy of methamphetamine from Defendant at a hotel in Cameron, Missouri, using a confidential source ("CS"). The CS was equipped with a body mic and the transaction was surveilled. The CS met with Defendant in a hotel room and delivered preserialized money provided by the agents. Defendant then placed one-half pound of methamphetamine in the CS's vehicle.

On August 27, 2014, HSI agents arranged another controlled buy of methamphetamine using the same CS. Defendant and a second person arrived at the Isle of Capri Casino in Waterloo and checked into a hotel room. Defendant then met with the CS on the gaming floor. The CS then went out to his car, obtained preserialized money provided by law enforcement, and went to Defendant's room. The CS later told officers that he was instructed by Defendant to place the money on a table. Officers later found the money in a pillowcase in the room. Defendant told the CS that the methamphetamine was in his car. When the CS went outside and tried to open the car, however, he was unsuccessful. The person accompanying Defendant then came out and opened the car and the CS retrieved one and one-half pounds of methamphetamine. According to Special Agent Bassett, Defendant was standing nearby while the transaction occurred. Again, the CS was equipped with a body mic and the transaction was surveilled.

Defendant is 31 years old. He was born in Mexico, but moved to southern California with his family at age 5. In about 2006, when Defendant was approximately 23 years old, he moved with his family to western Missouri. From 2010 to early 2014, he lived in Waterloo, but then moved back to Kansas City and was living with his parents

prior to his arrest. Defendant is married and has one newly-born child. He also has two children (ages 7 and 6) from a prior relationship, both of whom reside in California.

When he lived in Waterloo, Defendant was employed as a supervisor at Tyson Foods. He also obtained employment after moving to Kansas City. Approximately two months ago, however, he quit his employment in order to pursue self-employment "recording music for local bands" and developing real estate. Defendant is in good health, denies any history of mental health issues, and denies using controlled substances.

Defendant has only a modest prior criminal record. In 2002, he was charged with petty theft in California, with the disposition unknown. In January 2006, he was charged with six counts of possession of a stolen vehicle. While those charges were pending, Defendant was charged in January 2008 with driving under the influence. In March 2008, he was charged again with possession of a stolen vehicle. In June 2008, Defendant received three years probation on one count of possession of a stolen vehicle from the 2006 charges, and the disposition of the 2008 charges is unknown.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the

court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of

residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with distribution of methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

There is a rebuttable presumption that Defendant should be detained pending further proceedings. The Court finds that the rebuttable presumption has not been overcome in this case. There is strong evidence that Defendant was distributing substantial amounts of methamphetamine. If convicted, Defendant faces a lengthy prison term. Defendant does not have strong ties to Iowa, and lacks stable employment. Defendant has frequently traveled outside the country, most recently traveling to Mexico in April of this year. The Court believes that Defendant is a substantial risk of flight.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained pending further proceedings. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crime described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 4th day of September, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA